**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KELVIN JONES,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-3317-M-BH |
| ) | |
| **OFFICER APPLEWHITE, et. al,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court is Plaintiff's *Application to Proceed In Forma Pauperis*, received November 30, 2011 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and this action should be summarily **DISMISSED** as barred by the "three-strikes" rule if the plaintiff does not prepay the full filing fee.

**I.  BACKGROUND**

Kelvin Jones ("Plaintiff"), an inmate confined at the Dallas County Jail, filed this case pursuant to 42 U.S.C. § 1983, alleging that he has been subject to excessive force and improper medical care while incarcerated at the jail. He seeks to proceed *in forma pauperis* and claims that he has no means to pay the filing fee.

**II.  THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of

serious physical injury.

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Jones v. Dallas County Police Officer*, No. 3:04-CV-0375-R (N.D. Tex. April 15, 2004); *Jones v. Jones*, No. 6:05-CV-094 (E.D. Tex. July 12, 2005); *Jones v. Dallas County Police Officers*, No. 3:05-CV-0454-G (N.D. Tex. Aug. 24, 2005). He has also filed at least four prior actions in the Eastern District of Texas that have been dismissed based on the three-strikes provision. *See Jones v. Box*, No. 4:06-CV-088-RAS (E.D. Tex. Dec. 11, 2006); *Jones v. Box*, No. 4:06-cv-481-MHS (E.D. Tex. Jan. 3, 2007); *Jones v. Box*, 4:07-CV-312-RAS (E.D. Tex. Sept. 24, 2007); *Jones v. Box*, No. 4:09-CV-037-RAS (E.D. Tex. Feb. 11, 2009).[1] Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

## II. IMMINENT DANGER

Here, Plaintiff does not specifically assert that he is in imminent danger of serious physical injury. He instead asserts that, on November 20, 2011, one of the defendants used excessive force against him and that on October 5, 2011, he was denied adequate medical treatment after having a reaction to medication he was given. (Complaint at 4). The Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam). *See also Ruston v. Continental Motel*, 2003 WL 2294680, slip op. at *2 (N.D.

---

[1] Plaintiff acknowledges one of these prior cases and acknowledges that he was sanctioned by the Eastern District of Texas. (Complaint at 4-5).

Tex. Feb. 28, 2003) (holding that Ruston had not shown imminent danger of serious physical injury where his allegations concerned incidents that occurred after the initial filing).  Plaintiff has made no showing of imminent danger of serious physical injury at the time he filed his suit on November 26, 2011.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (noting that, in order to meet the imminent danger requirement, the threat must be "real and proximate").  Furthermore, allegations about the quality of medical care are insufficient to establish imminent danger.  *See Edmond v. Texas Dept. Of Corrections*, 1998 WL 723877, slip op. at *3 (5th Cir. Oct. 7, 1998); *Ortiz v. Quarterman*, 2008 WL 5024857, slip op. at *3 (N.D. Tex. Nov. 21, 2008).

Because Plaintiff has not shown that he is in imminent danger of serious physical injury, he may not proceed with this action without prepayment of fees under § 1915(g).

### III.  RECOMMENDATION

Plaintiff's *Application to Proceed In Forma Pauperis*, received November 30, 2011, (doc. 4) should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court.  Plaintiff should also be **WARNED** that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 2nd day of December, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE